### E. C. HIGHSMITH v. A. H. EWING.

(Filed 19 June, 1940.)

APPEAL by defendant from *Stevens, J.,* at October-November Term, 1939, of PENDER.

Civil action to recover for lumber sold and delivered.

The defendant, a general contractor of Richmond, Va., was under contract to build a house in Wilmington, N. C.   On competitive bidding, the Charles R. Barnes Lumber Company, of Raleigh, N. C., was awarded

HIGHSMITH *v.* EWING.

the contract to furnish the lumber according to specifications. The lumber company in turn placed a part of the order with the plaintiff, a sawmill operator of Rocky Point, N. C., to be filled. It is in evidence that the plaintiff declined to fill the order from the lumber company and so notified the defendant. Whereupon the defendant notified the lumber company that he would purchase the needed lumber on the open market. The lumber was thereafter purchased from the plaintiff by defendant's foreman.

Plaintiff billed the defendant for the lumber on 13 September, 1937, which amounted to $381.44. Payment was declined on 18 September, 1937, on the ground that the lumber was furnished under a contract with the Barnes Lumber Company, to whom plaintiff was informed he should look for payment. The defendant paid the Barnes Lumber Company for the lumber in question on 20 October, 1937.

Upon denial of liability and issue joined, the jury responded in favor of the plaintiff, and from judgment thereon, the defendant appeals, assigning errors.

*Clifton L. Moore, C. E. McCullen, Jr., and I. C. Wright for plaintiff, appellee.*

*Rountree & Rountree for defendant, appellant.*

PER CURIAM. The legal questions involved are not altogether free from difficulty, albeit the Charles R. Barnes Lumber Company, who has received payment for the lumber in question, is not a party to the action. Plaintiff omits to explain why he declined to fill the order for the Barnes Lumber Company when he had the needed lumber on hand. Nevertheless, all disputed matters were submitted to the jury and resolved in favor of the plaintiff. It would seem that the verdict might well have been otherwise. However, the issue was for the jury. No doubt the defendant's failure to protect himself by refusing to pay the lumber company after notice of plaintiff's claim had much to do with the result. The exceptive assignments of error are apparently insufficient to warrant a new trial. The verdict and judgment will be upheld.

No error.